### UNITED STATES v. STRAUSS BROS. & CO.

(Circuit Court, S. D. New York. January 29, 1904.)

No. 3,396.

1. CUSTOMS DUTIES—CLASSIFICATION—PING-PONG BALLS—TOYS.

   Under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674], ping-pong balls of celluloid are dutiable as "toys * * * not specially provided for," under paragraph 418, and not as "articles of which collodion or any compound of pyroxylin is the component material of chief value," under paragraph 17, Schedule A, § 1, c. 11, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628].

2. SAME—BOARD OF GENERAL APPRAISERS—REVIEW OF FINDINGS OF LOCAL APPRAISERS—EVIDENCE.

   A collector of customs assessed duty in accordance with the findings of the local appraiser who had examined the merchandise. In reviewing

the collector's action the Board of General Appraisers reversed his decision without any new evidence, though the question involved was one of fact. *Held*, that the board may make a different finding from the local appraiser without taking additional evidence, and that its action was without error.

On application by the United States to review a decision of the Board of General Appraisers, which reversed the assessment of duty by the collector of customs on certain merchandise imported at the port of New York by Strauss Bros. & Co. See G. A. 1,644.

Charles D. Baker, Asst. U. S. Atty.
Albert Comstock, for appellee.

WHEELER, District Judge. These articles are ping-pong balls, and have been assessed for duty as "toys at 35% ad valorem," under paragraph 418, Tariff Law, July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674], against a claim by the government that they are "manufactures of celluloid or pyroxylin at 65c. per pound and 25% ad valorem," under paragraph 17, Schedule A, § 1, c. 11, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628].

There is no evidence in the case, except the articles themselves and the finding of the board of appraisers, contrary to the return of the appraiser that they are toys. It is insisted that the return of the appraiser as to the classification of the importation could not be changed by the board without additional proof. But the board decides, on review, upon any evidence in the case, the same as the appraiser originally does, and is not confined by the statute to new evidence or additional evidence. Their inquiry is the same in scope as that of the appraiser from whom they may differ in judgment, and when they do their judgment stands unless it is reversed. Their judgment here seems to have been correct.

Decision affirmed.